1  Jeffrey L. Fillerup (SBN 120543)
   RINCON LAW LLP
2  90 New Montgomery St., Suite 1400
   San Francisco, CA 94105
3  Tel. (415) 996-8199
   Fax (415) 680-1712
4  E-mail: jfillerup@rinconlawllp.com

5  Attorneys for Plaintiff and
   Counter-Defendant
6  PESTMASTER FRANCHISE
   NETWORK, INC.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11 PESTMASTER FRANCHISE            Case No. 16-cv-07268-EMC
   NETWORK, INC., a California
12 corporation,                    **STIPULATION TO DISMISS WITH
                Plaintiff and Counter-   PREJUDICE AND [PROPOSED]
13              Defendant,          ORDER DISMISSING ALL CLAIMS
                                    WITH PREJUDICE**
14       v.

15 JINNY LYNN MATA, GABE
   JOSEPH MATA, ECOSOURCE
16 PEST CONTROL, INC., JOSIE
   MOSS, BRIAN MOSS, MOSS
17 PEST CONTROL, LLC,

18              Defendants,

19 AND RELATED
   COUNTERCLAIM.
20

21      Plaintiff/Counter-Defendant Pestmaster Franchise Network, Inc., by and

22 through its attorneys of record, Jeffrey L. Fillerup of Rincon Law, LLP, on the one

23 hand, and Defendants Jinny Mata, Gabe Mata, Ecosource Pest Control, Inc., Josie

24 Moss, Brian Moss, AAAC Support Services, LLC, and Moss Pest Control, LLC and

Counterclaimants Jinny Mata and Gabe Mata, by and through their attorneys of record, Andrew R. Kislik of Nassiri & Jung LLP, on the other hand, hereby stipulate to the dismissal of the Complaint and Counterclaim in this case, as follows:

1.      On January 24, 2017, Plaintiff Pestmaster Franchise Network, Inc. ("Pestmaster") filed a First Amended Complaint in this case (Doc #11), which is referred to herein as "the Complaint".

2.      On May 25, 2017, Counterclaimants Jinny Mata and Gabe Mata filed a counterclaim against Pestmaster (Doc #41), which is referred to herein as "the Counterclaim".

3.      The parties participated in a mediation at ADR Services on July 24, 2017, and reached a tentative settlement of the case.

4.      After the parties filed a stipulation to stay the case pending finalization of the settlement, this Court entered an order staying the case. (Doc #61)

5.      The parties hereby stipulate that the settlement has now been finalized and all of the claims alleged in the case should be dismissed with prejudice, with each party to bear its own costs and attorney's fees. Thus, the parties hereby stipulate to the entry of an order: (a) dismissing all of the claims alleged in the Complaint with prejudice; and (b) dismissing all of the claims alleged in the Counterclaim with prejudice.

6.      The parties also stipulate that once the claims alleged in the Complaint and in the Counterclaim are dismissed with prejudice, then all of the claims in this case will have been dismissed and there will be no remaining claims in this case to be adjudicated.

/ / /

STIPULATION TO DISMISS WITH PREJUDICE AND [PROPOSED] ORDER

DATED: November 20, 2017     RINCON LAW LLP

By: _____*/s/Jeffrey L. Fillerup*_____
     **Jeffrey L. Fillerup**
     **Attorneys for Plaintiff and Counterclaim-**
     **Defendant Pestmaster Franchise Network,**
     **Inc.**

DATED: November 20, 2017     NASSIRI & JUNG LLP

By: _____*/s/Andrew R. Kislik*_____
     **Andrew R. Kislik**
     **Attorneys for Defendants Jinny Mata, Gabe**
     **Mata, Ecosource Pest Control, Inc., Josie**
     **Moss, Brian Moss, AAAC Support Services,**
     **LLC, and Moss Pest Control, LLC, and**
     **Counterclaimants Jinny Mata and Gabe**
     **Mata**

## **ORDER DISMISSING ALL CLAIMS WITH PREJUDICE**

Based on the parties' settlement and the foregoing stipulation, and for good cause appearing, IT IS HEREBY ORDERED, as follows:

1. The claims alleged in the Complaint are dismissed with prejudice;

2. The claims alleged in the Counterclaim are dismissed with prejudice;

3. There are no other or remaining claims to be adjudicated in this case; and

4. Each party shall bear its own costs and attorney's fees.

DATED:    12/6/17

_____
HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED

Judge Edward M. Chen

3